IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SAGE PRODUCTS, LLC § § *Plaintiff,* § § v. § § MEDLINE INDUSTRIES, INC. § § *Defendant.* § § § § § § § | Case No.: 1:15-cv-3782 JURY TRIAL DEMANDED |

## VERIFIED COMPLAINT

Comes now Plaintiff, Sage Products LLC ("Sage"), for its Complaint against Medline Industries, Inc. ("Medline" or "Defendant"). As its Verified Complaint against Defendant, Plaintiff states and alleges as follows:

## NATURE OF THE ACTION

1. This is an action against Medline for infringement of U.S. Patent Nos. 8,789,533 entitled METHOD FOR TURNING AND POSITIONING A PATIENT ("the '533 Patent," Exhibit A) and 8,850,634 entitled APPARATUS AND SYSTEM FOR TURNING AND POSITIONING A PATIENT ("the '634 Patent," Exhibit B) (collectively "the Asserted Patents") under 35 U.S.C. § 271 for the manufacture, use, sale, offer for sale, and distribution of Medline's

patient turning and positioning products, including Medline's Comfort Glide Patient Repositioning product ("Accused Product").[1]

2. As alleged and pleaded herein, Defendant has infringed and is infringing Sage's patent rights through its activities regarding patient turning and positioning products, including without limitation the Accused Product. Such unlawful activities are occurring throughout the United States and, in particular, in this District.

## THE PARTIES

3. Plaintiff Sage is incorporated under the laws of Delaware, and has a place of business at 3909 Three Oaks Road, Cary, Illinois 60013.

4. For over 40 years, Sage has been providing innovative healthcare products for hospitals, including but not limited to patient turning and positioning products.

5. Defendant Medline is incorporated under the laws of Virginia and has a principal place of business at 1 Medline Place, Mundelein, IL 60060.

6. Medline manufactures and distributes its own medical supply products, including patient turning and positioning products. Medline also distributes other companies' products.

7. Medline is a distributor of Sage's patient turning and positioning products, including the Prevalon® Turn and Position System covered by the Asserted Patents, and Medline's own patient turning and positioning products, including the Accused Product.

8. Medline has sold, offered for sale, and distributed the Accused Product within the United States and, in particular, in this District.

---

[1] Concurrently herewith, Plaintiff is filing a motion for preliminary injunction to enjoin Medline from selling products that infringe the Asserted Patents, including Medline's Accused Product.

## JURISDICTION AND VENUE

9. This is an action for patent infringement under 35 U.S.C. § 271. This Court has subject matter jurisdiction over Sage's federal claims of patent infringement pursuant to 28 U.S.C. §§ 1331 and 1338(a).

10. This Court has personal jurisdiction over the Defendant for the purposes of this action pursuant to 28 U.S.C. §§ 1391 and 1400 because the Defendant resides in this district or sells and/or offers to sell the accused product in this District.

11. Medline's principal place of business is in this District, in Mundelein, IL.

12. Medline maintains a website at www.medline.com. The website contains a page with a description, images, instructions for use, and reorder numbers for the Accused Product (Exhibit C).

13. Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400 because at least a substantial part of the events giving rise to Sage's claims occurred in this District and Defendant is subject to personal jurisdiction in this District.

14. A real, immediate, and justiciable controversy exists between Sage and the Defendant relating to the infringement and/or willful infringement of the Asserted Patents.

## MEDLINE'S INFRINGEMENT OF THE ASSERTED PATENTS

15. The '533 Patent, entitled METHOD FOR TURNING AND POSITIONING A PATIENT, issued on July 29, 2014, reciting claims 1-27, each of which is directed to a method (claims 1-6 and 17-27) or a method of moving a patient (claims 7-16).

16. The '533 Patent is valid and enforceable.

17. Sage products which are intended and taught to be used in a manner that embodies the claims of the '533 Patent provide reasonable notice that the products embody

features of the '533 patent. Medline distributes several such Sage products, including Sage's Prevalon® Turn and Position System, Prevalon® Turn and Position System XL/XXL, and Prevalon® Turn and Position System 2.0.

18. The Accused Product infringes, directly and indirectly, at least claim nos. 1-4, 6-8, 12-22, and 25 of the '533 Patent, literally and/or under the Doctrine of Equivalents. The Accused Product is a patient turning and positioning system that includes a glide sheet with a low friction bottom surface and a higher-friction top surface, body wedges with an inclined ramp surface to be positioned under the glide sheet, an absorbent pad to be placed onto the top of the glide sheet, and tether straps to secure the glide sheet to the bed. (Ex. D, Medline Brochure at 2; Ex. E, http://player.vimeo.com/video/90363103 at 5:30; Ex. F, Medline Instruction Sheet at 2).

19. Medline's Accused Product includes several components that may be purchased separately or together, depending on the item number. (Ex. D, Medline Brochure at 3.) Additionally, Medline encourages customers to order "a complete product bundle" of the comfort glide sheet, wedges, and absorbent pad. (*Id.*)

20. Medline instructs its customers to use the Comfort Glide system to perform Sage's patented methods, for example by "[p]lac[ing] the wedges under the bed sheet with the non-slip black surface down," and then "[u]sing the comfort glide sheet handles, offload the sacrum by carefully pulling the patient toward you and onto the wedges." (Ex. F, Medline Instruction Sheet at 2).

21. The '634 Patent, entitled APPARATUS AND SYSTEM FOR TURNING AND POSITIONING A PATIENT, issued on October 7, 2014, reciting claims 1-35, each of which is directed to a system for use with a bed.

22. The '634 Patent is valid and enforceable.

4

23. Sage products that embody the claims of the '634 Patent include reasonable notice of the same. Medline distributes several such Sage products, including Sage's Prevalon® Turn and Position System, Prevalon® Turn and Position System XL/XXL, and Prevalon® Turn and Position System 2.0.

24. The Accused Product infringes, directly and indirectly, at least claim nos. 1-4, 7-11, 14, 17, 19-27, 29, 32-33, and 35 of the '634 Patent, literally and/or under the Doctrine of Equivalents. The Accused Product is a patient turning and positioning system that includes a glide sheet with a low friction bottom surface and a higher-friction top surface, body wedges with an inclined ramp surface to be positioned under the glide sheet, an absorbent pad to be placed onto the top of the glide sheet, and tether straps to secure the glide sheet to the bed. (Ex. D, Medline Brochure at 2; Ex. E, http://player.vimeo.com/video/90363103 at 5:30; Ex. F, Medline Instruction Sheet at 2).

## COUNT I: PATENT INFRINGEMENT OF THE '533 PATENT

25. Sage incorporates by reference each of the preceding allegations of paragraphs 1 - 24 above as though stated herein.

26. On information and belief, Medline manufactures, uses, sells, offers to sell and/or imports the Accused Product within the United States.

27. On information and belief, Medline has directly infringed one or more claims of the '533 patent within this District and elsewhere within the United States through its manufacture, use, sale, offer to sell, and/or importation of the Accused Product.

28. On information and belief, Medline has worked in conjunction with at least its sales representatives and distributors to manufacture, use, sell, offer to sell and/or import the Accused Product.

29. Medline has induced, and continues to induce, end users of the Accused Product to directly infringe the '533 Patent in violation of 35 U.S.C. § 271(b). Upon information and belief, these end users directly infringe the '533 Patent by using functionalities of the Accused Product that implement steps covered by one or more claims of the '533 Patent. Medline actively induces end users to directly infringe the '533 Patent by, among other things, advertising and promoting on Medline's websites claimed steps of the '533 Patent. Medline also actively induces end users to directly infringe the '533 Patent through promotional and instructional documentation, including instruction sheets and marketing materials.

30. Medline's active inducement of infringement has been, and continues to be, done with knowledge of and/or willful blindness to both the existence of the '533 Patent and that the end users' of the Accused Product infringes the '533 Patent, and with the specific intent that end users infringe the '533 Patent.

31. Medline has contributed, and continues to contribute, to the direct infringement of the '533 Patent by end users, in violation of 35 U.S.C. § 271(c). Medline sells and/or offers to sell within, and/or import into, this District and elsewhere in the United States, components that are a material part of the method claimed by the '533 Patent, knowing that those components are especially made or adapted for use in infringement of the '533 Patent and are not staple articles or commodities of commerce suitable for substantial non-infringing use. Such components include, but are not limited to a glide sheet with a low friction bottom surface and a higher-friction top surface, body wedges with an inclined ramp surface to be positioned under the glide sheet, an absorbent pad to be placed onto the top of the glide sheet, and tether straps to secure the glide sheet to the bed.

32. The afore-alleged and pleaded acts constitute literal infringement and/or infringement under the doctrine of equivalents.

33. Medline's infringing conduct in the face of actual or constructive notice of infringement of the '533 Patent is willful and entitles Plaintiff to enhanced damages and attorney's fees.

34. Unless enjoined, Medline's acts will cause Sage irreparable harm, loss, and injury.

## COUNT II: PATENT INFRINGEMENT OF THE '634 PATENT

35. Sage incorporates by reference each of the preceding allegations of paragraphs 1 - 34 above as though stated herein.

36. On information and belief, Medline manufactures, uses, sells, offers to sell and/or imports the Accused Product within the United States.

37. On information and belief, Medline has directly infringed one or more claims of the '634 patent within this District and elsewhere within the United States through its manufacture, use, sale, offer to sell, and/or importation of the Accused Product.

38. On information and belief, Medline has worked in conjunction with at least its sales representatives and distributors to manufacture, use, sell, offer to sell and/or import the Accused Product.

39. The afore-alleged and pleaded acts constitute literal infringement and/or infringement under the doctrine of equivalents.

40. Medline's infringing conduct in the face of actual or constructive notice of infringement of the '634 Patent is willful and entitles Plaintiff to enhanced damages and attorney's fees.

41. Unless enjoined, Medline's acts will cause Sage irreparable harm, loss, and injury.

**WHEREFORE**, Sage prays that:

A. United States Patent Nos. 8,789,533 and 8,850,634 be adjudged by this Court to be enforceable and not invalid;

B. Defendant be adjudged by this Court to have infringed U.S. Patent No. Nos. 8,789,533 and 8,850,634;

C. Defendant be ordered by this Court to account for and pay Sage damages adequate to compensate Sage for the infringement of U.S. Patent Nos. 8,789,533 and 8,850,634, including interest under 35 U.S.C. § 284;

D. A preliminary and permanent injunction be issued preventing further infringement of U.S. Patent Nos. 8,789,533 and 8,850,634 against Defendant, its officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them;

E. This case be deemed exceptional and Sage be awarded interests, costs, expenses and reasonable attorney fees for this suit as provided by 35 U.S.C. § 285;

F. Sage be awarded such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Sage demands a trial by jury in this action on all issues triable by jury.

Respectfully submitted,

BRINKS GILSON & LIONE

Dated: April 30, 2015

By: /s/ Jon H. Beaupré
    Timothy Q. Delaney (IL Bar No. 6198816)
      Email: tdelaney@brinksgilson.com
    Jon H. Beaupré (IL Bar No. 6298230)
      Email: jbeaupre@brinksgilson.com
    Jason W. Schigelone (IL Bar No. 6287310)
      Email: jschigelone@brinksgilson.com
    Briana E. Emerson (*pro hac* pending)
      Email: bemerson@brinksgilson.com
    NBC Tower, Suite 3600
    455 N. Cityfront Plaza Drive
    Chicago, Illinois 60611-5599
    Telephone: (312) 321-4200
    Facsimile: (312) 321-4299

*Attorneys for Sage Products, LLC*

## VERIFICATION

Jim Layer, having been duly sworn, deposes and says that he is Vice President of New Product Development for Sage Products, LLC and that he has read the foregoing Verified Complaint and knows the contents thereof and that the same are true based on his own knowledge or on the books, records, and accounts of Sage Products, LLC, except as to the matters therein stated to be alleged on information and belief, and as to those matters he believes them to be true.

*[Signature]*

Subscribed and Sworn to Before Me
This 30th day of April, 2015

*[Signature: Karen Quid]*
Notary Public
My commission expires: 2/21/17

KAREN QUID
OFFICIAL SEAL
Notary Public, State of Illinois
My Commission Expires
February 21, 2017